```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

| | |
|---|---|
| STATE OF GEORGIA, | |
|       Plaintiff, | CIVIL ACTION NO. |
| v. | 1:12-cv-02623-JEC |
| ROBERT STRINGER, | |
|       Defendant. | |

**ORDER & OPINION**

This action is before the Court for screening pursuant to 28 U.S.C. § 1447(c) (2014). The Court has considered the record and, for the following reasons, concludes that the case must be **DISMISSED** and the proceedings **REMANDED** back to Fulton County State Court.

**BACKGROUND**

Defendant Robert Stringer seeks to remove to this Court a criminal proceeding pending against him in Fulton County State Court. (Notice of Removal [1].) The state court proceeding arises out of a traffic stop that occurred on August 18, 2009. *See State v. Robert Stringer*, Case No. 10-cr-359751, Dkt. at Charge Info., *available at* http://justice.fultoncountyga.gov/PAStMagCrtCM/CaseDetail.aspx?CaseID=443777 (last accessed July 25, 2014). On June 3, 2010, the State of Georgia charged defendant with failure to use a turn signal, improper u-turn, driving without registration or insurance, driving with a suspended license, and acquiring a license plate for the

purpose of concealing the identity of his vehicle--all misdemeanors. *Id.* at Dkt. at Charge Info. and Traffic Accusation Filed.

Defendant filed his Notice of Removal [1] on July 30, 2012.  It is tough to discern the legal theory behind his allegations, but it appears that defendant contests the status of Georgia as an injured party and the ability of the Fulton County State Court to exercise jurisdiction over him.  (*See* Notice of Removal [1] at ¶¶ 2-3.)

The Court now reviews defendant's Notice of Removal [1] pursuant to 28 U.S.C. § 1447(c), and concludes that defendant improperly removed the state court proceeding; that the Court lacks jurisdiction over defendant's action; that defendant's removal is moot; and that the action may be dismissed for want of prosecution.

**DISCUSSION**

**I.   REMOVAL OF THE STATE COURT PROCEEDING WAS IMPROPER**

Federal courts are courts of limited jurisdiction, possessing "'only that power authorized by Constitution and statute.'" *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The statute regarding removal of state court criminal proceedings is very narrow, applying to only two types of cases.  28 U.S.C. § 1443 (2014).  First, § 1443 permits removal of actions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal

2

civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1) (2014). Second, actions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law" may be removed to federal court. *Id.* at § 1443(2).

Neither basis for removal is available here. First, § 1443(1) requires that "the right relied upon as the basis for removal is a 'right under' a law providing for equal civil rights." *Georgia v. Rachel*, 384 U.S. 780, 793 (1966). To wit, the Supreme Court has held that the "phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Defendant makes no claim about racial equality or about being unable to enforce a law providing for the equal rights of citizens, and therefore could not remove the Fulton County State Court action upon that ground. *See Marcus v. Galvez*, 522 Fed. App'x 878, 880-81 (11th Cir. 2013).

Second, § 1443(2) "applies only to acts by federal officers or agents and those authorized to act for them." *Id.* at 880. Defendant's allegations all pertain to individuals involved with the Fulton County State Court, and consequently do not serve as a basis for removal under § 1443(2). (*See* Notice of Removal [1] at ¶¶ 1-4).

3

Further, defendant's argument that the case pending against him was properly removed to this Court "[p]ursuant to the express and specific language of 28 U.S.C. § 1441, et seq." is similarly unavailing. (*Id.* at 1.)  That statute, by its express and specific language, only applies to removal of *civil* actions. *See, e.g.*, 28 U.S.C. § 1441(a) (2014)("Except as otherwise expressly provided by an Act of Congress, any *civil* action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")(emphasis supplied).  The Fulton County action is a criminal case; one that involves only misdemeanors, no less.  Thus, removal of the state court proceeding was not authorized by federal statute, and was therefore improper.

## II. <u>THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ACTION</u>

As noted, the jurisdiction of federal courts is limited. Federal district courts have jurisdiction over two types of actions: those "arising under the Constitution, laws, or treaties of the United States", and those with a controverted sum of more than $75,000 that are "between citizens of different states, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens."  28 U.S.C. §§ 1331–1332 (2014); *Exxon Mobile Corp.*, 545 U.S. at 552.  Defendant's action presents neither basis for the Court to exercise subject matter jurisdiction over it.

**A.   Federal Question Jurisdiction Does Not Exist**

The first type of case over which the Court can exercise subject matter jurisdiction is that which presents a federal question. Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A federal defense to a state law claim generally is insufficient to satisfy the requirements of 28 U.S.C. § 1331." *Stern v. Int'l Bus. Machs. Corp.*, 326 F.3d 1367, 1370 (11th Cir. 2003). Here, the State of Georgia brought only state law misdemeanor charges against defendant. That action, therefore, does not arise under federal law.

Moreover, the Court has the authority to dismiss a federal question or claim if it is "'so attenuated and unsubstantial as to be absolutely devoid of merit,' or 'frivolous.'" *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1254 (11th Cir. 2003)(citing *Baker v. Carr*, 369 U.S. 186, 199 (1962)). As defendant's citations to various Articles of and Amendments to the United States Constitution and federal law are absolutely devoid of merit and frivolous, they do not create federal question jurisdiction. (Notice of Removal [1] at ¶ 5.)

**B.   Diversity Jurisdiction Does Not Exist**

The second type of case over which the Court can exercise jurisdiction, those invoking diversity jurisdiction, requires "complete diversity; every plaintiff must be diverse from every

5

defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because defendant is a citizen of Georgia, diversity jurisdiction is unavailable. (*See* Notice of Removal [1] at 4, Civil Cover Sheet.)

Defendant tries to fabricate jurisdiction by arguing that he is a "foreign state" within the meaning of 28 U.S.C. § 1603(b) (2014). (*Id.* at 1.) Assuming *arguendo* that this is true, it still would not give rise to diversity jurisdiction, as § 1332 only applies to *civil* actions.[1] The action pending against defendant in Fulton County State Court, as noted, is criminal, and therefore cannot be removed under § 1332. 28 U.S.C. §§ 1332, 1441(a). For the above reasons, the Court has neither federal question nor diversity jurisdiction over the state court proceeding, and therefore cannot entertain it.

## III. **<u>DEFENDANT'S REMOVAL IS MOOT</u>**

After numerous *pro se* motions, orders, subpoenas, and rescheduled jury trials, defendant was arrested pursuant to a bench

---

[1] Defendant clearly is not a foreign state under the meaning of § 1603(b). His argument to the contrary ignores the conjunctive nature of § 1603(b). While defendant *is* a separate legal person, he must also be an organ of a foreign state or one of its political subdivisions, and cannot be a citizen of a state of the United States, to qualify as a foreign state. 28 U.S.C. § 1603(b)(1)-(3). Defendant cannot satisfy the last two prongs, but even if he could, "[t]here is no question that [the State of Georgia] is not a 'citizen' for purposes of diversity jurisdiction." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). And because defendant is not a foreign state, jurisdiction under 28 U.S.C. § 1330(a) (2014) is precluded.

6

warrant on January 25, 2013, and three and four days later pled *nolo contendere* to the charges pending against him. *State v. Robert Stringer*, Case No. 10-cr-359751, Dkt. at Arrested on Warrant/RMAP Cal and Final Disposition Entered. Within the year, defendant had successfully completed all the conditions of his probation, and the Court closed his case on December 19, 2013. *Id.* at Dkt. at Req. for Order to Close Successfully. Consequently, defendant's removal of the state court proceeding to this Court is now moot.

### IV. DISMISSAL FOR WANT OF PROSECUTION

Finally, the Court can dismiss defendant's suit under Local Rule 41.3. Defendant's removal was the last action he took with respect to his suit in this Court; he has shown no interest in prosecuting his case since then, and no substantial proceedings of record have occurred in the past two years. LR 41.3(A)(3) N.D. Ga. (2009).

### CONCLUSION

For the foregoing reasons, the Court orders that this action be **DISMISSED** and that defendant's criminal proceeding be **REMANDED** to Fulton County State Court. The Clerk of Court is directed to **CLOSE** this case.

SO ORDERED, this 26th day of July, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

7